UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| LAURA M., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:22-cv-04167-SLD-JEH |
| ) | |
| KILOLO KIJAKAZI, Acting Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |

ORDER

Plaintiff Laura M.'s application for disability insurance benefits was denied, as was her request for reconsideration. Report and Recommendation ("R&R") 1, ECF No. 16. Plaintiff's requested hearing before an Administrative Law Judge ("ALJ") resulted in an unfavorable decision for Plaintiff. *Id.* Her request for review by the Appeals Council was denied, rendering the ALJ's decision Defendant's final decision. *Id.* at 1–2. Plaintiff then timely filed the complaint in this action, seeking judicial review of the ALJ's decision. *Id.* at 2.[1] Before the Court are Plaintiff's Memorandum in Support of Plaintiff's Social Security Appeal, ECF No. 10, Defendant's Motion for Summary Affirmance, ECF No. 14, and United States Magistrate Judge Jonathan Hawley's R&R, which recommends that Plaintiff's request to reverse and remand Defendant's unfavorable decision be denied. *Id.* at 1.

When a magistrate judge considers a pretrial matter dispositive of a party's claim or defense, he must enter a recommended disposition. Fed. R. Civ. P. 72(b)(1). Parties may object within fourteen days of being served with a copy of the recommended disposition. *Id.* 72(b)(2). The district judge considers *de novo* the portions of the recommended disposition that were

---

[1] The R&R contains further detail on this case's procedural history. *See* R&R 1–2.

1

properly objected to, and may accept, reject, or modify the recommended disposition, or return it to the magistrate judge for further proceedings. *Id.* 72(b)(3). If no objection, or only partial objection, is made, the district judge reviews the unobjected portions of the recommendation for clear error. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

Neither party has objected to any portion of Judge Hawley's R&R, so the Court reviews it for clear error only. The Court notes that Judge Hawley's review was limited to determining only whether the ALJ applied the correct legal standard and whether substantial evidence supports the ALJ's decision. *See Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotation marks omitted). The ALJ does not have "to provide a complete and written evaluation of every piece of testimony and evidence, but must build a logical bridge from the evidence to his conclusion." *Minnick v. Colvin*, 775 F.3d 929, 935 (7th Cir. 2015) (quotation marks omitted).

After reviewing the R&R, the parties' pleadings, the record, and the applicable law, the Court finds no clear error. Accordingly, the R&R, ECF No. 16, is ADOPTED. The Commissioner's decision denying Plaintiff's application for disability insurance benefits is AFFIRMED. The Clerk is directed to enter judgment and close the case.

Entered this 14th day of December, 2023.

                                                          s/ Sara Darrow
                                                          SARA DARROW
                                                          CHIEF UNITED STATES DISTRICT
                                                                   JUDGE